UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA M. JOHNSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 2:16-cv-10013

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE PATRICIA T. MORRIS

**OPINION AND ORDER OVERRULING OBJECTIONS
[22], ADOPTING REPORT AND RECOMMENDATION [21],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

The Commissioner of the Social Security Administration ("SSA") denied Andrea Johnson's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Johnson appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Johnson's motion and grant the Commissioner's motion. Johnson filed timely objections. Having examined the record and considered the objections de novo, the Court will overrule the objections, adopt the Report, deny Johnson's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

## BACKGROUND

The Report properly details the events giving rise to Johnson's action. Report 1–2, 5–11, ECF No. 21. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 432 (6th Cir. 2013) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (quotations omitted).

**DISCUSSION**

I.    <u>Credibility Determination</u>

Johnson claims the ALJ's credibility determination was not supported by substantial evidence. Obj. 1–6, ECF No. 22. An ALJ may properly assess a claimant's credibility when considering her complaints. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). And because an ALJ's duty is to observe a witness's demeanor and credibility, any findings based on credibility are to be accorded great weight and deference. *Id.*

First, Johnson disputes the magistrate judge's suggestion that "other evidence supports the ALJ's credibility assessment such as the ALJ being permitted to favor global assessment functioning (GAF) scores of 50 versus 20–35 after hospitalizations." Obj. 2, ECF No. 22. She argues that the vacillation of her scores does not support the conclusion that she could perform work on a sustained basis. *Id.* The Court disagrees. The ALJ considered all the record evidence and found that Johnson's statements "are not fully consistent with the medical signs and laboratory findings and other information provided by medical sources, including the longitudinal medical record, to a degree that supports a finding of disability." AR 170, ECF No. 14-2. The magistrate judge did not cite the GAF scores to support a finding that Johnson could work on a sustained basis. Rather, she explained why the ALJ was justified in favoring the GAF score of 50 over the lower scores. The ALJ favored the higher scores because they were "developed over many months and present a more longitudinal and accurate picture of the claimant's overall functional ability." AR 168, ECF No. 14-2. The ALJ's credibility determination was proper, and supported by sound reasoning and substantial evidence.

Second, Johnson contests the magistrate judge's finding that the ALJ's credibility

determination was supported by Johnson's improvement with each increase in medication. Obj. 4–5, ECF No. 22. That argument is also flawed. The record demonstrates that the medication improved Johnson's condition, and the ALJ rightly found that the evidence discredited Johnson's allegations of disability. *See* AR 479, 484, 530, 619, ECF No. 14-7.

Third, Johnson argues that Johnson's daily activities did not support the ALJ's adverse credibility finding. The record belies this contention as well: Johnson demonstrated a capacity to care for herself, "live independently," and "handle her own affairs." *See* AR 500, 507, 515, ECF No. 14-7. As a result, the Court will defer to the ALJ's determination that such activities diminished Johnson's credibility.

II.  RFC Determination

Johnson contends that the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence. Obj. 6–11, ECF No. 22; *see* AR 167, ECF No. 14-2. First, Johnson claims the evidence — including repeated medication changes and hospitalizations — shows that her condition worsened since the prior ALJ decision in October 2010. Obj. 6–7, ECF No. 22. And she argues that the opinion of Dr. Moten regarding Johnson's amenability to Celexa was merely speculative, and thus not deserving of the significant weight accorded it by the ALJ.

Johnson is incorrect. The ALJ's 2015 RFC changed the 2010 RFC by relaxing social limitations — an improvement, not a deterioration. *Compare* AR 167, ECF No. 14-2 (2015 RFC stating that Johnson "can perform . . . tasks without a strict production pace . . . [and] is able to occasionally interac[t] with coworkers and . . . the general public.") *with* AR 226, ECF No. 14-3 (2010 RFC stating that Johnson's "work may not involve working with the general public or at a production pace"). The ALJ properly relied on Dr. Moten's opinion,

especially since Johnson's Celexa dose was subsequently increased and yielded positive results. AR 479, 484, 530, ECF No. 14-7. Johnson's references to "ongoing hospitalizations and exacerbations of symptoms" — and the preposterous statement that "[s]hort of actual suicide, it is unclear what further evidence would be illustrative of disability" in this case — are unavailing. The record evidence provided the ALJ with sufficient reasons to find that Johnson's RFC did not significantly deteriorate. *See id.* at 435–36, 442–43, 453–54, 459–460, 468–69, 479–80, 495–96, 508–10, 528–31, 617–18.

Alternatively, Johnson challenges the ALJ's RFC determination because "Dr. Moten had found 1–2 episodes of decompensation *prior to* additional hospitalization and medication changes that would lead to the inference Plaintiff had a marked, not moderate impairment in that domain." Obj. 7–8, ECF No. 22. It is not entirely clear from Johnson's citations to which episodes she is referring. In her summary judgment motion, she stated that "[t]he ALJ found . . . 1–2 episodes of decompensation" and relied on Dr. Moten's findings at the initial level of review. *See* Mot. Summ. J. 17, ECF No. 17. But in her objections, she cites more broadly to episodes of decompensation in December 2012, December 2013, June 2014, and December 2014. *See* Obj. 7–8, ECF No. 22 (citing Mot. Summ. J. 19, ECF No. 17). Johnson refers to episodes "found" by Dr. Moten, suggesting that she is referring to episodes that occurred before Dr. Moten's opinion. But the Commissioner construes the reference as one to episodes after Dr. Moten gave her opinion, and argues that neither qualifies as an "episode of decompensation of extended duration" under 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(C)(4) ("[R]epeated episodes of decompensation" must "each last[] for at least 2 weeks."). *See* Reply 5–6, ECF No. 23.

Regardless of whether Johnson is referring to episodes before or after Dr. Moten's

5

opinion, the ALJ sufficiently explained her reasons for according significant weight to Dr. Moten's testimony. Put simply, Dr. Moten's opinion was "supported by the claimant's stated stability on medication and treating source notes indicating that the claimant had the ability to live independently and handle her own affairs." AR 170, ECF No. 14-2. Johnson cannot overcome the combination of Dr. Moten's opinion and the record medical evidence that supported the ALJ's RFC determination. The magistrate judge properly affirmed the ALJ's determination and rejected the remaining arguments Johnson now reiterates in her objections. *See Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (overruling objection to a Report when Plainitiff "merely rehashe[d] his arguments").

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Johnson's objections. The Court finds Johnson's objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Johnson's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Johnson's Objections [22] are **OVERRULED**, and the magistrate judge's Report and Recommendation [21] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Johnson's Motion for Summary Judgment [17] is **DENIED**, and the Commissioner's Motion for Summary Judgment [19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

    **SO ORDERED**.


                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: February 24, 2017


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2017, by electronic and/or ordinary mail.

                                              s/David P. Parker
                                              Case Manager